# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLIFFORD JAMES SCHUETT,

        Plaintiff(s),

v.

UNITED STATES MARSHAL SERVICE, et al.,

        Defendant(s).

2:13-CV-1063 JCM (GWF)

# ORDER

Presently before the court is *pro se* prisoner plaintiff Clifford James Schuett's motion for a temporary restraining order. (Doc. # 12).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, No. 08-1233, 2009 WL 348176, at *1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v.*

**James C. Mahan**
**U.S. District Judge**

1  *Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).[1]

2  Plaintiff has filed the instant temporary restraining order because he alleges that his sleeping arrangements are dangerous. He must sleep on a bed with no safety bars and is danger of falling off the bed when he sleeps.

Plaintiff must establish real and immediate irreparable harm before this court may grant a temporary restraining order. Plaintiff has not met that high burden. Based on the facts presented, plaintiff's alleged injuries do not establish the requisite immediacy to warrant a temporary restraining order. Temporary restraining orders are mechanism for the court to deal with real, immediate, and serious risks and injuries. This motion simply does not rise to that level, and the court further finds that there is not a high enough likelihood of success on the merits to grant a temporary restraining order.

When considering penological interests, the court should first determine the reasonableness of the regulation. *See Turner v. Safely*, 482 U.S. 78, 89-90 (1987). Because plaintiff filed the instant motion seeking a temporary restraining order, the prison has not yet had the opportunity to justify the challenged policies. (*See* doc. # 12). However, plaintiff also filed the exact same motion seeking a permanent injunction. (Doc. # 13). The court finds it appropriate to permit the prison to respond to these allegations via the normal briefing schedule of a permanent injunction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 12) be, and the same hereby, is DENIED.

DATED July 17, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

**James C. Mahan**
**U.S. District Judge**